Turning to the next item on our calendar. It's Solano versus Hammel. Ms. Solano. Oh, good morning, your honors. May it please the court. My name is Virginia Solano. I represent myself as a plaintiff appellant. And this appeal is basically challenging the district court's opinion or judgment on two key issues. One is a probable clause stipulation and whether it is binding under the facts of this case. And the district court's conclusion that probable clause was present to continue the prosecution. On the issue of waiver, which seems to be the most, which really is the threshold issue in this case. I have been arrested repeatedly by this defendant. I have taken every case to trial. This case was the only one that I did not take to trial. And I would have taken this one to trial, except on the eve of trial, when discovery was being given to me by the prosecution. And actually, just around that time, they offered to dismiss the case because they couldn't get the out-of-state witness to come to court and testify. That is Al Iberti, a key witness in Hammel's arrest warrant. And Al Iberti's statements are, they are not under oath. I had never had the opportunity to cross-examine Al Iberti. I've never even had the opportunity to depose him because in criminal court, there are no depositions for misdemeanors. So on the issue of waiver, it was really, the district court concluded that I knew or I must have known about Mrs. Kingsbury's statements to the police, but I don't understand how I would have. And the reason for that is basically, there were no depositions conducted. Hammel was the movement. He was the one who needed to establish that this waiver was rock-solid and that it was obtained in good faith and not through a Brady violation. And instead, what he did is he obtained this waiver. He went to Cooney's civil trial, said that the arrest was all his fault. He took complete responsibility for it and admitted that he didn't contact Pepsi because he didn't want to get Mr. Cooney into trouble. And then he turns around at this stage when he's being sued and says that the waiver prevents the element of favorable termination under malicious prosecution. So you can't say that the waiver that withholding the evidence wasn't a Brady violation because it has essentially, you know, impacted guilt. I mean, that's what he's saying. I can't demonstrate favorable termination even though I dispute that and that's not on appeal. Kingsbury's statement should have been disclosed. Hammel should not have been investigating these matters. He was personally invested. He was prejudiced. He was motivated by whatever personal relationship he had with Cooney, which they both admitted to, and he took control of the narrative. He interfered with my ability to obtain evidence from witnesses as demonstrated by the two emails that are in my appendix, the one from 2013 on page 13 of the appendix. And the email that I've asked this court to accept as supplemental evidence as relevant to the issues presented by the defendant, A123. This is unheard of. You don't normally have the police corresponding with the witnesses basically still controlling the narrative. And the email on page 13. Yes, ma'am. Ms. Serrano, you are reserved three minutes for rebuttal. You can leave it now or you can continue to hold it. I would like to hold it. I will turn to the opposing counsel. All right. Thank you. We'll hear from the counsel for Hammel. Good morning, your honors. May it please the court. This is Dennis DeRao. I represent the defendant at Pelley, Kevin Hammel. We are asking the court to please affirm the granting of summary judgment to Detective Hammel on both of plaintiff's claims for malicious prosecution, one under section 1983 and one under Connecticut common law. As I think Ms. Serrano has properly pointed out, the main issue in this appeal is whether her stipulation to probable cause in October of 2013 operates to preclude her from taking a contrary position in this subsequent civil litigation. Am I right in understanding, this is Judge Raggi, am I right in understanding that her stipulating to probable cause was a condition to the dismissal of her, the charges against her? Is that correct? That is specifically correct, your honor. What would be the basis for requiring her to stipulate to that? I don't sit in the shoes of the state's attorney during this time. However, the reality is there's a stipulation of probable cause in an effort to obtain a dismissal of the criminal charges. And under both section 1983 law and Connecticut common law, the favorable termination element would be wanting in this matter because the manner in which the dismissal was procured would demonstrate that there's not an affirmative indication of innocence. Why is that a condition of dismissal? Well, I think if you look at the plain exchange in the transcript that was included in the appendix, which is at A55, is the last page of the transcript, and there you can see that the state was ready to enter an OLLI with respect to the harassment charge. Instead, Ms. Solano specifically requested a dismissal. And as a result of the dismissal, there was the oral motion for a dismissal. There was a colloquy between the court and the state had said- I think we all understand that. I guess the problem I'm having, and perhaps my question wasn't clear, is that if I understand it, the principle underlying judicial estoppel is that parties shouldn't be able to take a position in one judicial proceeding and then take a different position in another judicial proceeding. But that's usually because they've tried to game the system, so to speak, by saying something in one proceeding that was advantageous to them. So we get to the proceeding in which her charges are dismissed. Saying that there was probable cause did not strengthen the argument for dismissing the charges. It was really a price that was exacted. To, I think, almost avoid her ever suing someone. But it's not the same situation. It's not like she was defending herself in the state court proceeding. And as a defense said, they have probable cause. I mean, she would take the opposite position. So I'm just trying to figure out what the theory is of making her say something favorable to the prosecution rather than the defense as the price for dismissing the charges against her. And why judicial estoppel should apply in those circumstances. Because of course, judicial estoppel cannot be applied when the totality of circumstances suggests that it really isn't apt in the situation. I'm trying to figure out how it's apt here. I understand your question, Your Honor. I apologize. So with respect to that, I believe there is an unfair advantage gained. I understand by viewing the stipulation to probable cause as not obtaining some tactical advantage in the criminal proceeding. However, there was a benefit to the stipulation, which was— She got the charges dismissed, right? I mean, that's what you're saying is the benefit. Correct, but the benefit is—right. So that's the benefit. And then, as I'm sure the court knows, another piece of the judicial estoppel doctrine is somebody got an unfair tactical advantage. An unfair tactical advantage is occurring now, not back at the criminal court. What she did was she said what the judge wanted to hear to get the full dismissal to then come here and say, hi, now I can sue. But this is the unfair tactical advantage that's being— But I would understand that if she were suing the state. I mean, the state was willing to dismiss the charges against her. Now she would turn around and sue the state.  She's suing individuals, right? That's correct, Your Honor. Why should they get the benefit of a concession she made in the state to get the charges dismissed against her? I mean, there may be answers to these questions. They're just not obvious to me. Well, Your Honor, I don't see why it would change the calculus, whether it was the state or Detective Hamill. The state obviously has the power and the authority to direct and control a prosecution. Detective Hamill wouldn't. However, plaintiff's contention is that there was evidence that came up post-arrest that she didn't know about. Now, we contend that she did, in fact, know about it. I understand that. And so I believe, it's my understanding, is the way she's trying to frame this is that evidence went to Kevin Hamill, and he should have done something with it. And that evidence vitiated probable cause, not for the arrest, but for the prosecution, right? Because the probable cause determination is done at different timing points. And so our position remains, though, that because all of this information was known, that the stipulation still is a knowing waiver because she has an understanding of this information that she's talking about or the evidence that she's— So this is just— So you differentiated between probable cause for the arrest, as I understand what you said, and probable cause, on the other hand, for the malicious prosecution, right? For the false arrest and the malicious prosecution. That's correct. Now— When she acknowledged before the judge that there was probable cause, was that an acknowledgment of probable cause relating to the arrest by the officer or one relating to the malicious prosecution? Well, so I think if a fair reading of the transcript would indicate a stipulation as to probable cause for the arrest. But the Second Circuit has certainly noted that where there's probable cause for an arrest and there is— Yeah, but we've also said that the probable cause in the context of a Section 1983 malicious prosecution claim is a little bit higher than the standards for false arrest claims. And we've cautioned a number of different times about confusing those two standards. So why, just to follow up on some of Judge Raji's questions, why is she stopped from making a claim of lack of probable cause in this case? Understood. Because we would submit that based on the Second Circuit's holdings that probable cause for arrest also qualifies as probable cause for malicious prosecution where no additional exculpatory evidence is unearthed during the prosecution. That's from D'Angelo B. Kirshner, that's 288 Federal Appendix 724, the Second Circuit 2008 case. And so in this case here, the stipulation to probable cause with respect to the arrest necessarily inerts to the malicious prosecution claim Now, have we ever said that in the context of a judicial estoppel defense? No, Your Honor. I think the Second Circuit has noted that in assessing probable cause with respect to a false arrest and then a malicious prosecution claim. So if she had allocated or said in answer to that question, I believe that he had probable cause to arrest, but I intend to make a malicious prosecution claim under Section 1983. I don't believe he had probable cause to do that. Would she have been stopped by the first part, first clause? As to the arrest part, but not the malicious prosecution part? Yes. Yes, I think, Your Honor, in your example, it would be much better articulated in that way. The reality is when people say... Well, Your Honor, the court has been, has faced cases where lawyers, defense criminal counsel have gone in, stipulated probable cause. And then on the back end,  now a civil rights plaintiff, has brought a case and the cases have been dismissed based on judicial estoppel and then upheld at the Second Circuit. In conclusion, counsel? In conclusion, it is our belief that the district court was entirely correct that judicial estoppel bars plaintiff from claiming that there's no probable cause for her prosecution. And if the court deems that an incorrect ruling, we would ask that you affirm on the alternative grounds set forth in our brief. Thank you, counsel. Ms. Solano, you've reserved three minutes for rebuttal. Yes, and I think what I'll use it for is to address the, unless you have any other questions for me, obviously, the defenses that defendant Hamill has raised. And one of those is advice of counsel. Well, I just briefly would just point out to the court, it's not in his answer. So the advice of counsel is waived. And he hasn't pled the facts that he needed to plead that he gave all the evidence to the prosecutor or the judge and let them make their own decision. He interfered with their discretion by not giving him all of the information. It just would hold it for me. It withheld it from you and, or others like you. And he also pleaded a special defense that he acted in good faith. And I think that there's enough evidence in the record that Hamill was prejudiced. He did not act in good faith. These emails are demonstrative that you don't, I've never heard of a police officer controlling the narrative to this extent. And to withhold evidence for me and withhold evidence from the prosecution, you had to have known that if you had disclosed it, it wouldn't have gone the way you wanted it to go. And Kevin Hamill had a goal here. I wish I had not been so naive, but as just a, you know, I'm a paralegal, I've worked in the industry, but not like this. We just believe that everything runs the way it should. We think that everybody's honest and the truth comes out in court. And this has been a real eye-opener for me. Kevin Hamill pled that I was negligent. I wasn't negligent. And I did everything I could to get everything I could for myself. I know that this isn't in the record, but I was represented by Ralph Crozier. Ralph Crozier was being criminally charged and incarcerated and all kinds of problems there. I was pro se. I did my best. I thought it was fair that on the face of the warrant, even though it was arguable, even though I recognized that the hearsay evidence was inadmissible, that a reasonable person would certainly think that something wrong happened here. But there was never any evidence that I made any qual in July. I always admitted to making my quals. I always admitted to, I was upset over these Pepsi cans all over my property. And I did it before all of these gun charges and everything else. I've never been arrested before in my life. And I think that's, I don't really have anything I think I can add. I had a lot of things to say, but I don't wanna take up your time. It sounds like you guys have an understanding of what I was trying to say. Thank you. Thank you. Thank you. Thank you for your time. Thank you. We will reserve the session. That concludes the argument portion of our sitting today. So I will ask the clerk to adjourn court. Court stands adjourned.